# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    v.                                **Case No. 99-CR-168**

**CHARA HORTMAN BROWN,**
        **Defendant.**

## DECISION AND ORDER

Defendant Chara Hortman Brown requested early termination of her supervised release pursuant to 18 U.S.C. § 3583(e)(1). I ordered responses from the government and probation office, and permitted defendant to reply. I now deny the request.

## I. FACTS AND BACKGROUND

Defendant pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and to launder money. On January 30, 2001, I sentenced her to 70 months in prison, a $1000 fine and five years of supervised release. Defendant took no direct appeal but later filed requests for collateral relief under 28 U.S.C. § 2241 & 2255, which I denied. Defendant was released from prison on April 30, 2004, and is scheduled to discharge from supervision on April 29, 2009.

In her motion for early termination, defendant indicates that while in prison she completed the 500-hour drug treatment program. Upon her release to a halfway house, she obtained employment as a K-5 assistant teacher at Woodson Academy. Following her release from the halfway house, she worked as a lead K-5 assistant at the Milwaukee Multi-Cultural Academy from June 2004 to June 2006. Since August 2006, she has been employed as the

office manager for the Washington DuBoise Christian Academy. She has also been enrolled at MATC since fall 2004 and expects to earn an associate degree in business by January 2008. Her current and former employers have written positive letters.

Defendant also indicates that she has been involved in charitable and community work. In the summer of 2007, she assisted in a marrow donor registration drive sponsored by the Blood Center of Wisconsin. Defendant also organized a back to school neighborhood party in August 2007, obtaining schools supplies from corporate donors, which were handed out to attending children.

Defendant further indicates that while on supervision she has completed a nine-month cognitive thinking program and a one-year substance abuse program. All of her drug screens have been negative, and she is not currently involved in mandatory programming due to her positive adjustment.

The probation office indicates that defendant has generally been compliant. She completed drug and alcohol treatment, and her thirty random drug screens have all been negative. She has also paid her fine in full. However, defendant has on two occasions violated her condition on the opening of new lines of credit. In June 2004, she purchased a used car without prior approval, and in October 2005 she leased a car without prior approval. Defendant admitted the former purchase shortly after she made it, but the probation officer did not discover the latter transaction until March 2006. The probation officer issued a verbal reprimand for the latter violation.

The government states that while defendant's conduct and accomplishments are commendable, they are also what we expect of those on supervised release. Therefore, it opposes early termination.

## II. APPLICABLE LEGAL STANDARD

Section 3583(e)(1) provides that the court may:

terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, the court may terminate a defendant's supervised release if (1) she has served at least one year; (2) considering the sentencing factors in 18 U.S.C. § 3553(a) as well as the defendant's conduct, termination is in the interests of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).

The conduct of the defendant necessary to justify early termination must include more than simply following the rules of supervision. Otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination is generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede her rehabilitation or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); Medina, 17 F. Supp. 2d at 246-47; see also United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003) (stating that early termination of probation is not warranted based on "mere compliance with the terms of probation" but rather "only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior").

## III. DISCUSSION

Early termination is not warranted in this case. While defendant has generally been compliant, I am concerned that she has twice violated special condition 3 on the opening of new lines of credit. Defendant's employment and educational endeavors are laudable, but they are also what we expect of those on supervised release. Defendant's charitable work does exceed general expectations, but I cannot conclude that such work is exceptional. Defendant makes no showing that the conditions of supervised release impede her rehabilitation or impose any other undue hardship.[1] It appears that based on her compliance, her current supervision regimen is fairly limited.

Further, given the seriousness of the offenses, early termination would not be in the interest of justice. I held defendant responsible for nine kilograms of cocaine under U.S.S.G. § 2D1.1(c), a large amount. I further found that her money laundering offense involved $1,000,000 under U.S.S.G. § 2S1.1(b)(2). Defendant qualified for the safety valve, which allowed me to sentence her below the otherwise applicable ten-year mandatory minimum term on the drug trafficking count, and I selected a prison term at the low end of the applicable guideline range. To terminate supervision early and, in effect, reduce the sentence further would depreciate the seriousness of these crimes. See 18 U.S.C. § 3553(a)(2)(A). Based on her lack of previous record and her performance on supervision, defendant does not appear to present a particular risk of recidivism, but given the nature of the crime I believe it appropriate to require defendant to serve out her supervision term to assure the protection of the public. See 18 U.S.C. § 3553(a)(2)(C). Defendant does not appear to currently have

---

[1] I note that I recently granted defendant permission to take a Caribbean cruise. (R. 608.)

4

correctional treatment needs, see § 3553(a)(2)(D), but supervision still serves the purposes of protecting the public and deterring defendant from possibly re-offending, see § 3553(a)(2)(B) & (C).

## IV. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to terminate supervised release (R. 606) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge